UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

SHAWN R. WILSON,                            )      CASE NO. 4:16CV2337
                                           )
              Petitioner,                  )      JUDGE BENITA Y. PEARSON
                                           )
       v.                                  )      Magistrate Judge George J. Limbert
                                           )
CHRISTOPHER J. LAROSE, WARDEN,             )
NORTHEAST OHIO CORRECTIONAL                )
CENTER[1],                                 )      **REPORT AND RECOMMENDATION**
                                           )      **OF MAGISTRATE JUDGE**
              Respondent.                  )


       On August 30, 2016, Petitioner, Shawn R. Wilson ("Petitioner"), pro se, executed a petition

for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, which was placed in the prison mailing

system on September 19, 2016 and filed with this Court on September 20, 2016.  ECF Dkt. #1 at 25.

He seeks relief for alleged constitutional violations that occurred during his 2013 Mahoning County,

Ohio Court of Common Pleas guilty plea to: aggravated murder; two counts of improper discharge

of a firearm at/or into a habitation; felonious assault; and tampering with evidence; and firearm

specifications.  ECF Dkt. #8-1 at 15.

       On January 31, 2017, then Respondent, Charmaine Bracy, Warden of the Trumbull

Correctional Institution where Petitioner was incarcerated at the time of his filing of his petition,

filed a Return of Writ.  ECF Dkt. #8. On March 31, 2017, Petitioner filed a Traverse.  ECF Dkt. #10.

       For the following reasons, the undersigned RECOMMENDS that the Court DISMISS

Petitioner's federal habeas corpus petition in its entirety with prejudice:

## I.    SYNOPSIS OF THE FACTS

       The Seventh District Court of Appeals of Ohio set forth the facts of this case on direct

appeal.  These binding factual findings "shall be presumed to be correct," and Petitioner has "the

burden of rebutting the presumption of correctness by clear and convincing evidence."  28 U.S.C.

---

[1] On November 8, 2017, Petitioner filed an Address Change Notice indicating his change of address from
Trumbull Correctional Institution to Northeast Ohio Correctional Institution, over which Christopher LaRose is the
Warden.  ECF Dkt. #11.

§ 2254(e)(1); *Warren v. Smith*, 161 F.3d 358, 360-361 (6th Cir. 1998), *cert. denie*d, 119 S.Ct. 2403 (1999).  As set forth by the Ohio Court of Appeals, the facts are:

> On August 30, 2012, the Mahoning County Grand Jury returned an indictment against Wilson charging him with two counts of Aggravated Murder, both with firearm and capital offense specifications; two counts of Improper Discharge of a Firearm at or into a Habitation, both with firearm specifications; Felonious Assault, with a firearm specification; Murder, with a firearm specification and Tampering with Evidence.  The charges arose out of multiple shots being fired into apartments located in Youngstown, Ohio on August 20, 2012, resulting in the death of B.L. and injury to J. H., both minor children.
>
> On January 7, 2013, the State of Ohio and Wilson entered into a Crim.R. 11 plea agreement.  Wilson pled guilty to one count of Aggravated Murder, both counts of Improper Discharge of a Firearm at or into a Habitation, Felonious Assault, and Tampering with Evidence, all with accompanying firearm specifications except the latter offense.  In return, the State agreed to dismiss one count of Aggravated Murder, the Murder charge, and both capital offense specifications.  The State and defense jointly recommended an agreed upon sentence of life imprisonment without the possibility of parole on the Aggravated Murder count and the maximum allowable sentence on each of the other counts to be served concurrently.
>
> Pursuant to the request of the State and Wilson, the trial court immediately proceeded to a sentencing hearing and adopted the agreed upon recommended sentence, but ordered Wilson to serve five years on the firearm specification attached to the Aggravated Murder charge, to be served consecutively and prior to the life sentence.  For purposes of sentencing, the trial court merged the remaining firearm specifications and imposed no sentence.

ECF Dkt. #8-1 at 61-62.

## II.    PROCEDURAL HISTORY

### A.    State Trial Court

The Mahoning County, Ohio Grand Jury indicted Petitioner on: one count of aggravated murder in violation of Ohio Revised Code ("ORC") §2903.01(A) and (F), with a firearm specification and a capital offense specification; one count of aggravated murder in violation of ORC §2903.01(C)(F) with a firearm specification and a capital offense specification; two counts of improperly discharging a firearm at/or into a habitation in violation of ORC § 2923.161(A)(1)(C), with firearm specifications; one count of felonious assault in violation of ORC §2903.11(A)(2)(D), with a firearm specification; one count of murder in violation of ORC §2903.02(B)(D), with a firearm specification; and tampering with evidence in violation of ORC § 2921.12(A)(1)(B).  ECF Dkt. #8-1 at 5-6.

After entering a not guilty plea to the charges, defense counsel moved the trial court to order a psychological evaluation of Petitioner as to his competency to stand trial. ECF Dkt. #8-1 at 10. The trial court granted the motion and ordered the evaluation. *Id.* On December 6, 2012, the trial court issued a judgment entry finding Petitioner competent to stand trial as per the stipulation of the parties to the competency evaluation submitted by the court-ordered psychiatrist, Dr. Nalluri. *Id.* at 12.

On January 10, 2013, Petitioner agreed to plead guilty to one of the two aggravated murder counts with a firearm specification, both counts of improper discharge of a firearm counts with firearm specifications, felonious assault with a firearm specification, and tampering with evidence. ECF Dkt. #8-1 at 15. Included in the plea form signed by Petitioner were the possible sentences on each charge to which Petitioner was pleading guilty, with the indication that he faced a maximum total of life imprisonment without parole plus 27 years in prison. *Id*. at 16. Also on January 10, 2013, the trial court issued a judgment entry indicating that pursuant to plea negotiations, it granted the State of Ohio's motion to dismiss the first aggravated murder charge and the murder charge as duplicative, and it granted the State of Ohio's motion to dismiss the capital offense specification attached to the remaining aggravated murder charge. ECF Dkt. #8-1 at 14.

Thereafter, the trial court sentenced Petitioner to the agreed-upon sentence of life in imprisonment without parole for aggravated murder, consecutive to five years in prison for the firearm specification, with the remaining sentences of two 8-year prison terms for the improper discharge of a firearm counts, 8 years in prison for felonious assault, and 36 months of imprisonment for tampering with evidence to run concurrently. ECF Dkt. #8-1 at 23-26.

### B.    Direct Appeal

On February 7, 2013, Petitioner, through different counsel, filed a notice of appeal to the Ohio Seventh District Court of Appeals and asserted the following sole assignment of error in his appellate brief:

-3-

> APPELLANT'S PLEA WAS NOT KNOWINGLY, INTELLIGENTLY, OR
> VOLUNTARILY MADE DUE TO INEFFECTIVE ASSISTANCE OF COUNSEL.

ECF Dkt. #8-1 at 28.  In his brief, Petitioner asserted that his attorneys should have moved the

court to continue the plea hearing so that he could take more time to consider entering a guilty

plea and the rights that he was waiving by doing so.  *Id.*  The State of Ohio filed its appellate

brief on September 17, 2013.  *Id.* at 43-54.  Petitioner filed a reply brief on September 30,

2013.  *Id.* at 55-59.

On March 10, 2014, the Ohio appellate court affirmed the trial court's judgment.  ECF

Dkt. #8-1 at 60-67.

Petitioner did not file an appeal to the Supreme Court of Ohio.

### C.    Motion to Withdraw Guilty Plea

On July 31, 2014, Petitioner, pro se, filed a motion to withdraw his guilty plea.  ECF

Dkt. #8-1 at 68.  He asserted that his trial counsel were ineffective because they knew that he

was not capable of waiving his constitutional rights and pleading guilty to the charges that he

did.  *Id.* at 69-70.  Petitioner attached an affidavit in which he stated that his father was in

prison for killing his mother when he was two years old and he had been in counseling since

he was 11 years old.  *Id.* at 71.  He further attested that he was taking an anti-psychotic drug,

Haldol, both months before his plea hearing and on the morning of his plea hearing.  *Id.*

Petitioner indicated that his counsel urged him to plead guilty and they had a breakdown in

communications.  *Id.*

On September 3, 2014, the trial court found that it was without jurisdiction to consider

Petitioner's "untimely and improper" motion to withdraw his guilty plea because Petitioner's

appeal was pending before the Ohio appellate court.  ECF Dkt. #8-1 at 74-75.

On October 1, 2014, Petitioner pro se filed a notice of appeal of the trial court's decision to

the Ohio appellate court.  ECF Dkt. #8-1 at 76.  In his appellate brief,  Petitioner asserted the

following assignments of error:

> 1.    TRIAL COURT WAS IN ABUSE OF THEIR DISCRETION RULING
>       THAT THEY ARE WITHOUT JURISDICTION TO RULE ON THE

> DEFENDANT'S MOTION TO WITHDRAW HIS GUILTY PLEA PRO,[sic] SE.
>
> 2. TRIAL COURT ERRED ALSO RULING THE MOTION WAS FILED IN A[sic] UNTIMELY MANNER BEFORE THE COURT OF COMMON PLEAS.
>
> 3. THE TRIAL COURT ABUSED THEIR DISCRETION IN RULING THAT THE PROCEDURE OF THIS APPLICATION 32.1 MOTION TO WITHDRAW GUILTY PLEA WAS A[sic] IMPROPER MOTION.

*Id.* at 79-92.  The State of Ohio filed a brief and Petitioner filed a reply brief.  *Id.* at 92-114.

On November 17, 2015, the Ohio appellate court affirmed the trial court's denial of Petitioner's motion to withdraw his guilty plea.  ECF Dkt. #8-1 at 115-124.  On December 2, 2015, Petitioner pro se filed a motion for reconsideration pursuant to Rule 26(A) of the Ohio Rules of Appellate Procedure.  *Id.* at 147-155.  The State of Ohio filed a memorandum in opposition to the motion and Petitioner filed a reply.  *Id.* at 156-167.  On February 4, 2016, the Ohio appellate court denied Petitioner's motion for reconsideration.  *Id.* at 169-178.

On March 14, 2016, Petitioner filed a motion for leave to file a delayed appeal and a notice of appeal to the Supreme Court of Ohio of the Ohio appellate court's November 17, 2015 decision. ECF Dkt. #8-1 at 125-134.  On May 4, 2016, the Ohio Supreme Court denied Petitioner's motion for a delayed appeal.  *Id.* at 146.

### D.  Petition to Vacate or Set Aside Judgment of Conviction or Sentence

On April 6, 2016, Petitioner pro se filed a petition to vacate or set aside judgment of conviction or sentence in the trial court.  ECF Dkt. #8-1 at 207.  Petitioner indicated that he had appealed the trial court's judgment of conviction and sentence to the Ohio appellate court and that court had not yet rendered a decision.  *Id.*  He then stated that he had appealed from the Ohio appellate court's decision and that appeal was still pending before the Ohio Supreme Court.  *Id.* Petitioner alleged that he received the ineffective assistance of counsel in violation of his federal and state constitutional rights. *Id.*  He indicated that he had provided his counsel with information weeks before his sentencing that Dr. Nalluri's "PH.D. license was a fraud, Doctor decertified from the Ohio Bureau of Worker's Compensation and he pled guilty to a Felony of Worker's Compensation Fraud

-5-

O.R.C. 2913.48 a felony of the fourth degree, and paid more than $71,600.00 in restitution and investigative costs with expert witnesses who reviewed the video and documentation reported Nalluri plead guilty to Worker's Compensation Fraud on December 13, 2012." *Id.* at 208. Petitioner also filed motions for expert assistance and for appointment of counsel. *Id.* at 209. The State of Ohio filed a motion to dismiss the petition to vacate. *Id*. at 220.

On April 21, 2016, the trial court found that it was without jurisdiction to review Petitioner's petition because it was untimely filed without a reason offered to excuse the delay in filing. ECF Dkt. #8-1 at 234. The court further found that even if the petition was timely filed, he failed to support his petition with competent and credible evidence dehors the record of his actual innocence or a constitutional violation. *Id.* at 235.

Petitioner did not file an appeal from the trial court's decision.

### E.       State Writ of Habeas Corpus

On April 14, 2016, while his petition to vacate was pending in the trial court, Petitioner pro se filed a writ of habeas corpus in the Ohio Supreme Court. ECF Dkt .#8-1 at 179. He asserted that he was entitled to a "retroactive competency hearing,  a full hearing, the vacation of his guilty plea or his immediate release." *Id*. at 182. He contended that his trial defense attorneys were ineffective because they failed to investigate the fraud of Dr.Nalluri, who had conducted Petitioner's competency evaluation before he entered his guilty plea. *Id*. at 185. Petitioner noted that nine days after Dr. Nalluri submitted his competency evaluation report to the court, Dr. Nalluri pled guilty to fraud charges. *Id.*

On May 4, 2016, Petitioner pro se filed a motion in the Ohio Supreme Court to dismiss his writ of habeas corpus without prejudice as he had failed to submit other required documents with the writ. ECF Dkt. #8-1 at 205. The Ohio Supreme Court granted his motion and dismissed Petitioner's writ of habeas corpus. *Id*. at 206.

### F.       Second State Writ of Habeas Corpus

On May 16, 2016, Petitioner file a second state petition for a writ of habeas corpus in the Ohio Supreme Court. ECF Dkt. #8-1 at 236. He presented a narrative of his grounds for relief, which related to claims that the trial court and the Ohio appellate court committed reversible error

concerning the trial court's ruling that it was without jurisdiction to consider his motion to withdraw his guilty plea.  *Id*. at 240-241.  Petitioner also asserted that his trial counsel were ineffective for failing to investigate fraud charges against Dr. Nalluri, failing to suppress Dr. Nalluri's competency report, and failing to allow Petitioner to testify, present evidence, or present witnesses at his competency hearing.  *Id.* He further contended that his guilty plea was invalid because he was incompetent and did not voluntarily, knowingly or intelligently enter into the plea agreement, no evidence showed that he read the plea agreement or that anyone explained the plea agreement to him, including the maximum penalties and firearm specifications.  *Id*.  He also asserted that his constitutional rights were violated when he was denied access to a new psychiatrist and the state courts denied his motion for a new trial based upon newly discovered evidence concerning Dr. Nalluri's fraud conviction.  *Id.* Petitioner also argued that the Ohio appellate court erred in denying his appeal.  *Id*.

On July 27, 2016, the Ohio Supreme Court sua sponte dismissed Petitioner's petition for a writ of habeas corpus.  ECF Dkt. #8-1 at 293.

On August 8, 2016, Petitioner pro se filed a motion for reconsideration in the Ohio Supreme Court.  ECF Dkt. #8-1 at 294.  On October 5, 2016, the Ohio Supreme Court denied Petitioner's motion for reconsideration.  *Id.* at 295.

### III.    28 U.S.C. § 2254 PETITION

On August 30, 2016, Petitioner, pro se, executed the instant petition for a writ of federal habeas corpus, which was placed in the prison mailing system on September 19, 2016 and filed in this Court on September 20, 2016.  ECF Dkt. # 1.  Petitioner raises the following grounds for relief:

> 1.    ("PROCEDURAL ISSUES")
>
> "DEFENDANTS[sic] DUE PROCESS RIGHTS WERE VIOLATED FOR THE FAILURE TO HOLD AN ADEQUATE COMPETENCY HEARING. "
>
> Supporting facts: "What is adequate competency hearing?"
> ("The following ground was directly appealed with Federal Case law cites attached")
>
> "On the trial court level, Petitioner was not able to legally attend the competency hearing held on December 4, 2012 and with that being made known, Petitioner was not afforded an adequate competency

hearing which gives the opportunity to testify, to present evidence, to subpoena witnesses on his behalf, and to confront and cross-examine witnesses who appear at the hearing. The Court as well as the evaluating PhD failed to make the proper findings that petitioner was able to consult with his counsel. The state Prosecutors[sic] Dawn Cantalamessa and Rebecca Doherty was not even present at the above state competency hearing. The PhD Anil C. Nalluri who conducted defendants[sic] competency evaluation was not even present. Petitioners[sic] state Attorneys Ronald Yarwood and Edward Hartwig, along with the Judge R. Scott Krichbaum was present just as the assistant Prosecutor Robert Andrews who was utilized and employed for this one day. So, Petitioner was not present at the Petitioner[sic] December 4, 2012 competency hearing and he was therefore was[sic] not afforded a fundamental opportunity to testify, to present evidence, to subpoena witnesses on his behalf, and to confront and cross examine witnesses who appeared at the hearing. Petitioner has been complaining about his competency from the trial court level, to and through the direct appeal level, to the Appellate court level and therefrom. His constitutional claims about his competency have still yet been properly embraced. Petitioner couldn't defend himself against the fraud Dr. Anil C. Nalluri's competency report, and neither could he bring manifest evidence which would show proof by a preponderance of the evidence that he was not legally competent. Petitioner was not even aware that this hearing took place until after he was convicted. Want of jurisdiction under the U.S. Constitution Amendments 5th, 6th, and 14th as well as Article I, section 10, and 16, and Article 4, section 1, of the Ohio Constitution. **Petitioner should not have been barred for reasserting issues with Newly Discovered Evidence, Petitioner requests the withdrawal of his guilty plea and the pursuance of his right to a fair trial to prove his innocence, and/or the Petitioners[sic] release. Petitioner has an alibi defense/Innocence Claim that has the current time as well as his picture on surveillance showing and proving that he was in another city minutes before the alleged crime against him occurred. Petitioners'[sic] state of incompetence outweighs the burden of their unlawful procedures. All of the Grounds stated herein were raised to the highest court and appealed therefrom.**

2.   "(Procedural Issues)"

"DEFENDANT SUFFERED A DUE PROCESS VIOLATION WHEN THE STATE DENIED HIM ACCESS TO A COMPETENT PSYCHIATRIST AND APPROPRIATE EXAMINATION AND ASSISTANCE."

Supporting facts: (Shouldn't the State have knowledge of the employed PhD whom was facing felony fraud charges, and convicted thereof?)(Is an incompetent Psychiatrist not prejudicial and dangerous to the adequacy of the competency procedures?)

The PhD by the name of Anil C Nalluri was employed to evaluate defendants'[sic] mental capacity. He was facing fraud charges at the time when he was employed and the trial court abused its discretion in finding the defendant to be competent to stand trial pursuant to O.R.C. 2945.37, because the conclusion was unsupported by reliable, and

-8-

credible evidence. Relying on his report was insufficient to conclude defendant was competent. Weeks before the Trial Court accepted defendants'[sic] guilty plea to Aggravated Murder, the assisting PhD Anil C. Nalluri plead guilty to Fraud charges. This PhD failed to state in his report that defendant was being treated with "Haldol" (Psychotic Meds). He even failed to look into what the defendants'[sic] diagnosis was for the above Psych Meds. He did not make the findings of whether defendant was able to properly consult with his attorneys. PhD Anil C. Nalluri made no proper findings inside of his competency report that Petitioner understood the penalties that could or will be imposed as a result of the conviction. The staff report regarding the guilty pleadings of this Fraud PhD, shows that he was not interested in squeezing the most dollars out of his business, than the standard of care of his clients and his guilty plea had him suspended therefore. Want of jurisdiction under the U. S. Constitution. **Petitioner should not have been barred for reasserting issues with Newly Discovered Evidence, Petitioner requests the withdrawal of his guilty plea and the pursuance of his right to a fair trial to prove his innocence, and/or the Petitioners[sic] release. Petitioner has an alibi defense/Innocence Claim that has the current time as well as his picture on surveillance showing and proving that he was in another city minutes before the alleged crime against him occurred. Petitioners'[sic] state of incompetence outweighs the burden of their unlawful procedures. All of the Grounds stated herein were raised to the highest court and appealed therefrom**.

3.      ("Res Judicata Issues")

ON NOVEMBER 17, 2015, ("APPEAL NO" 2014-MA-00138), THE SEVENTH APPELLATE COURT ABUSED THEIR AUTHORITY WHEN THEY EMPLOYED THE DOCTRINE OF RES JUDICATA AGAINST PETITIONERS [sic] 32.1 POST-SENTENCE MOTION w/NEWLY DISCOVERED EVIDENCE ATTACHED, BECAUSE SOME ISSUES WERE REASSERTED.

Supporting facts: (Are you not able to reassert issues with the use of Newly Discovered Evidence?)

The Seventh District Court of Appeals abused their discretion in affirming defendants[sic] 2014-MA-00138 appeal when they made the ruling therein that Petitioner was barred by the doctrine of res judicata from reasserting issues already raised on direct appeal. The Petitioner reasserted these issues with the Newly Discovered evidence attached thereto his Post-Sentence Motion 32.1 to show an experienced due process violation because the trial court refused to hear and consider this New evidence in petitioners[sic] August 2, 2013 Motion 32.1 The Seventh Appellate Court thereafter refused to hear and consider the extraordinary evidence within petitioners[sic] August 5, 2013 Direct Appeal. Thereafter the direct appeals affirming decision was released on March 8, 2014, Petitioner filed another Motion 32.1, with Newly Discovered Evidence attached thereto on July 28, 2014 and the trial court again refused to consider the Newly Discovered Evidence. Petitioner appealed that ruling in September, 2014 and the Appeals Courts[sic] affirming decision thereafter was released on November 17, 2015. The Appellate Court wholly failed to reverse the trial

-9-

courts[sic] claim that they did not have jurisdiction to hear petitioners[sic] Motion 32.1. Newly Discovered Evidence (N.D. E. attached. The trial court did not consider, neither hear the post-sentence Motion 32.1 (N.D.E.) Which would show and prove Petitioners[sic] guilty plea was unlawfully received, and that his Due Process rights were violated within that process. The Seventh Appellate Court abused their authority when they employed the doctrine of res judicata to Petitioners[sic] 2014-MA-00138 appeal. This evidence along with the issues were presented before the first direct appeal was even filed. That Newly Discovered Evidence was attained by Petitioners[sic] Appellate Attorney "John J. Dixon" in 2013 after petitioner was sentenced January , 2013. Want of jurisdiction under the U.S. Constitution Amendments 5th, 6th, and 14th, as well as Article 1, section 10, and 16, and Article 4, section 1, of the Ohio Constitution. **Petitioner should not have been barred for reasserting issues with Newly Discovered Evidence, Petitioner requests the withdrawal of his guilty plea and the pursuance of his right to a fair trial to prove his innocence, and/or the Petitioners[sic] release. Petitioner has an alibi defense/Innocence Claim that has the current time as well as his picture on surveillance showing and proving that he was in another city minutes before the alleged crime against him occurred. Petitioners'[sic] state of incompetence outweighs the burden of their unlawful procedures. All of the Grounds stated herein were raised to the highest court and appealed therefrom**.

4. ("Jurisdictional Issues")

(Should the trial court not retain jurisdiction after an affirmed decision in the Appellate Court, to hear a Motion to Withdraw Guilty Plea containing Newly Discovered Evidence?)

"Where Petitioners[sic] Memorandum in Support of Jurisdiction (MISJ) was timely, inadvertently filed into the Mahoning County Clerk of Courts office on December 22, 2015, instead of the intended Clerk of the Supreme Court's office. (SEE DOCKET 12-CR-919). The following Proposition of Law argued therein reads:

"The Appellate Court as well as the Trial Court committed reversible error when they agreed with the trial court, ruling that the trial court was without jurisdiction to hear Defendants[sic] Post-Sentence Motion 32.1/Manifest Injustice/Newly Discovered Evidence Attached" (HEARING REQUESTED)

Now Petitioner knows that the State Appellate Courts must have a chance to mend their own fences and avoid federal intrusion, so before seeking a Writ of Habeas Corpus in Federal Court, a Habeas Petitioner must first exhaust his state court remedies before a Federal Court can grant relief on a Constitutional claim. 28 U.S.C. 2254 (b)(1)(A). This requirement is designed to give state courts the initial opportunity to pass upon and, if necessary, correct errors of Federal Law in state prisoners' conviction or sentence. Petitioner has always given alert to the State Courts that he is still relying on provisions of a Federal Constitution for relief. In appeal 2014-MA-00138 the Seventh Appellate Court went against their own state grounded law when they

-10-

ruled that the trial court was without jurisdiction to hear Petitioners[sic] Post-Sentence Motions 32.1/Manifest Injustice/Newly Discovered Evidence. All of the state courts[sic] interpretations were an obvious subterfuge to evade the consideration of a federal issue. But for the errors, Petitioner might not have been convicted, and/or the error undermines the accuracy of guilt. Want of jurisdiction under the U.S. Constitution Amendments 5th, 6th, and 14th, as well as Article 1, section 10, and 16, and Article 4, section 1, of the Ohio Constitution. **Petitioner should not have been barred for reasserting issues with Newly Discovered Evidence, Petitioner requests the withdrawal of his guilty plea and the pursuance of his right to a fair trial to prove his innocence, and/or the Petitioners[sic] release. Petitioner has an alibi defense/Innocence Claim that has the current time as well as his picture on surveillance showing and proving that he was in another city minutes before the alleged crime against him occurred. Petitioners'[sic] state of incompetence outweighs the burden of their unlawful procedures. All of the Grounds stated herein were raised to the highest court and appealed therefrom**

5.  ("Ineffective Assistance of Trial Counsel Issues")

Supporting facts: (Was defendant afforded effective assistance?)

Petitioners[sic] Attorneys Ronald Yarwood, and Edward Hartwig were not effectively representing him. They wholly failed to investigate the Fraud PhD. Anil C. Nalluri, who was employed to examine Petitioners' competency. At the time of his employment, he was facing felony Fraud charges. Nine days after he submitted his examination report, unto the trial court for their December 4, 2012 competency hearing, he pled guilty to fraud charges on December 13, 2012 and was suspended from practice. Petitioners[sic] unlawful plea was then taken on January 7, 2013 and his attorneys, neither prosecutor, nor did the trial court, bring this knowledge manifest. With this being known and/or made known through multiple applications mentioned above, newly discovered evidence etc.,,,,Petitioner was wholly prejudiced by his trial Attorneys, as their assistance was highly deficient. All of the courts[sic] prior interpretations were an obvious subterfuge to evade the consideration of a federal issue. But for the errors, Petitioner might not have been convicted, and the error undermines the accuracy of guilt. There is a need of Jurisdiction under the U.S. Constitution Amendments 5th, 6th, and 14th, as well as Article I, Sections 10 and 16 of the Ohio Constitution, also in contradiction with the mentally ill qualifications 5122.01(B) 1, 2, 3 and 4...and O.R.C. 2945.37. **Petitioner should not have been barred for reasserting issues with Newly Discovered Evidence, Petitioner requests the withdrawal of his guilty plea and the pursuance of his right to a fair trial to prove his innocence, and/or the Petitioners[sic] release. Petitioner has an alibi defense/Innocence Claim that has the current time as well as his picture on surveillance showing and proving that he was in another city minutes before the alleged crime against him occurred. Petitioners'[sic] state of incompetence outweighs the burden of their unlawful procedures. All of the Grounds stated herein were raised to the highest court and appealed therefrom**.

-11-

6.    ("Ineffective Assistance of Trial Counsel Issues")

Supporting Facts: (Was counsel's failure to investigate, pursue, and utilize this most important evidence, ineffective assistance?)

"Petitioners Trial Attorneys Ronald Yarwood, and Edward Hartwig were ineffective because they failed to file or pursue a motion to suppress "Dr. Anil C. Nalluri's competency examination report etc…and there is a reasonable probability that the results of the proceedings would have differed if the motion had been filed or pursued.

They failed to add the most important evidence to the trial court record as follows:  Psychological Report consists of;

• The Psychological Report of Petitioner which was completed by "PhD, ABPP, "Sandra B. McPherson"

• Which shows and proves Petitioners breakdown in communications with his Attorneys.

• Petitioners' diagnosis of Auditory Hallucinations, Post-Traumatic and other paranoid features, depression, delusional thinking and unusual thought patterns, random respondings, reading problems, and the Inability to consider the feelings of others and their capacity for pain.

• Petitioners past psychiatric evaluations and his history of mental health  treatment, which leads, back to when he was eleven years old. This is a ten-year length of time, which had elapsed before his 2012-CR-919 arrest.

• Petitioner mentions therein the report that he believed his Attorneys were trying to get him killed.

• Proof that Petitioner was under the influence of (Haldol) psychiatric medications which he was receiving in the Mahoning county Jail prior to the time of his 1/7/13 plea of guilty and thereafter.

• Proof of Petitioners I.Q. Range of 61, meaning "Mental Retardation"…etc.

There is still additional evidence of Petitioner's proof of incompetence located at the Mahoning County Jail level, which he cannot retrieve on his own. Evidence of his mental status before as well as after the unlawful guilty plea. Evidence showing that Petitioner was under Mental Health Observation, Suicide watch, and evidence that he was cutting his face, arms, abdomen, legs etc…Petitioner by the help of his past Appellate Attorney "John J. Dixon" had discovered this evidence of the Fraud PhD Anil C. Nalluri after his unlawful plea was taken. The Attorneys knew that the PhD Anil C. Nalluri made no proper findings inside of his competency report that Petitioner understood the penalties that could or will be imposed as a result of the conviction. He even failed to look into what the Petitioners' diagnosis was for the above Psych Meds. He did not make the findings of whether defendant

-12-

was able to properly consult with his attorneys. Etc….The Psychological Report was not made available unto the Petitioner until after "John J. Dixon" was employed as Appellate Counsel and discovered it outside of the original record. Petitioner was wholly prejudiced by his trial Attorneys, as their assistance was highly deficient. "All of the courts interpretations were an obvious subterfuge to evade the consideration of a federal issue. "But for the errors, Petitioner might not have been convicted and/or the error undermines the accuracy of guilt. Want of Jurisdiction under the U.S. Constitution Amendments 5th, 6th, and 14, as well as Article I, Sections 10, and 16 of the Ohio Constitution, also in contradiction with the mentally ill qualifications 5122.01(B) 1, 2, 3, and 4…and O.R.C.2945.37. "Petitioner should not have been barred for reasserting issues with Newly Discovered Evidence. Petitioner requests the withdrawal of his guilty plea and the pursuance of his rights to a fair trial to prove his innocence, and/or the Petitioners[sic] release. Petitioner had an alibi defense/Innocence Claim that has the current time as well as his picture on surveillance showing and proving that he was in another city minutes before the alleged crime against him occurred, Petitioners'[sic] state of incompetence outweighs the burdens of their unlawful procedures. All of the Grounds stated herein were raised to the highest court and appealed therefrom."

7.    ("Trial Court Procedural Issues")

Supporting Facts: (Was Petitioner able to understand the courts procedures as well as the Constitutional Rights he was waiving?) (Was defendant able to clearly understand?)

"The State Trial and District Courts abused their discretion in finding Petitioner to be competent to stand trial, and plead guilty pursuant to O.R.C. 2945.37 because that conclusion was unsupported by credible reliable evidence. Relying on PhD. Anil C. Nalluri's report was insufficient to that conclude Petitioner was competent. A week prior to the actual set date for trial, at the Petitioners pre-trial sentencing on "January 7th, 2013", he blatantly stated on the transcribed record minutes before he was sentenced, that he could "not really understand" due to the prescribed medications he was taking etc. (SEE Pre-trial Transcripts Pg.11.); "Excuse me, Your Honor. I don't know what's going on". And the court then stated, "Young man, you need to keep quiet, please".

Thereafter, defendants' Attorneys still pushed him to plead guilty and be sentenced on that same day. This  strongly contends towards Petitioner not being able to understand the courts procedures as well as the Constitutional Rights he was waiving, from his incompetence. "All of the state courts[sic] interpretations were an obvious subterfuge to evade the consideration of a federal issue. "But for the errors, Petitioner might not have been convicted, and/or the error undermines the accuracy of guilt. Want of Jurisdiction under the U.S. Constitution Amendments 5th, 6th, and 14th, as well as Article I, Sections 10, and 16, and Article 4, Section 1 of the Ohio Constitution, also in contradiction with: O.R.C. 2945.37, Mentally ill Qualifications 5122.01 (B) 1,2,3, and 4. "Petitioner should not have been barred for reasserting issues with Newly Discovered Evidence. Petitioner requests the

-13-

withdrawal of his guilty plea and the pursuance of his rights to a fair trial to prove his innocence, and/or the Petitioners[sic] release. Petitioner had an alibi defense/Innocence Claim that has the current time as well as his picture on surveillance showing and proving that he was in another city minutes before the alleged crime against him occurred, Petitioners'[sic] state of incompetence outweighs the burdens of their unlawful procedures. All of the Grounds stated herein were raised to the highest court and appealed therefrom."

8. ("Competency Procedural Issues")

Supporting Facts: (Was Petitioner given a fundamental and fair enough procedure regarding his mental status?)

The State denied Petitioner his fundamental due process right to fair procedures, when it came to the determination of his mental status. Petitioner was not afforded the access to a competent psychiatrist, neither was he afforded the appropriate examination and assistance. Petitioner was not present at the Petitioners "December 4th, 2012" competency hearing, and he was therefore not afforded the fundamental opportunity, to testify, to present evidence, to subpoena witnesses on his behalf, and to confront and cross examine witnesses who appeared at the hearing. Petitioners[sic] Constitutional rights were wholly violated and the State Courts denied him the proper opportunity to receive his fundamental fairness within the litigation system to be heard on his competency claims which he raised through multiple avenues with Newly Discovered Evidence in support." "All of the state courts interpretations were an obvious subterfuge to evade the consideration of a federal issue. "But for the errors, Petitioner might not have been convicted, and/or the error undermines the accuracy of guilt". Want of Jurisdiction under the U.S. Constitution Amendments 5th, 6th, and 14th, as well as Article I, Sections 10, and 16, and Article 4, Section 1 of the Ohio Constitution, also in contradiction with; O.R.C. 2945.37, Mentally ill Qualifications 5122.01 (B) 1,2,3, and 4." "Petitioner should not have been barred for reasserting issues with Newly Discovered Evidence. Petitioner requests the withdrawal of his guilty plea and the pursuance of his rights to a fair trial to prove his innocence, and/or the Petitioners[sic' release. Petitioner had an alibi defense/Innocence Claim that has the current time as well as his picture on surveillance showing and proving that he was in another city minutes before the alleged crime against him occurred, Petitioners'[sic] state of incompetence outweighs the burdens of their unlawful procedures. All of the Grounds stated herein were raised to the highest court and appealed therefrom."

9. ("Consideration/Evidentiary Issues")

Supporting Facts: (Did the State of Ohio commit a sham within their procedures?) (Are the able to deny jurisdiction to hear Petitioners[sic] Post-Sentence Motion with Newly Discovered Evidence attached thereto, without ruling on its merits?)

The State courts denied Petitioner the fundamental opportunity to receive his equal fundamental fairness within the litigation system and to be heard on his competency claims which he raised through multiple

-14-

avenues with Newly Discovered Evidence in support. Petitioner was totally denied a full and fair opportunity for the consideration of his Newly Discovered evidence which could show due process violations, as well as there is evidence that Petitioner was incompetent at the time he entered his guilty plea. Herein, this petition represents the only available avenue left for the prisoner to present his claims to the State Courts and Federal Courts. This is not an inquiry into the adequacy of the procedure actually used to resolve the particular claims: In the absence of a sham proceeding, there is no need to ask whether the State Court conducted an evidentiary hearing or to inquire otherwise into the rigor of the state judiciary procedures for resolving the claim". Records show that the State wholly denied jurisdiction to entertain, view, and consider Petitioners[sic] claims. "All of the state courts interpretations were an obvious subterfuge to evade the consideration of a federal issue. "But for the errors, Petitioner might not have been convicted, and/or the error undermines the accuracy of guilt". Want of Jurisdiction under the U.S. Constitution Amendments 5th, 6th, and 14th, as well as Article I, Sections 10, and 16, and Article 4, Section

1

of the Ohio Constitution. "Petitioner should not have been barred for reasserting issues with Newly Discovered Evidence. Petitioner requests the withdrawal of his guilty plea and the pursuance of his rights to a fair trial to prove his innocence, and/or the Petitioners[sic] release. Petitioner had an alibi defense/Innocence Claim that has the current time as well as his picture on surveillance showing and proving that he was in another city minutes before the alleged crime against him occurred, Petitioners'[sic] state of incompetence outweighs the burdens of their unlawful procedures. All of the Grounds stated herein were raised to the highest court and appealed therefrom."

10. ("Consideration/Evidentiary Issues")

Supporting Facts: (Did the State of Ohio commit a sham within their procedures?) (Is the State able to deny jurisdiction to hear Petitioners[sic] Post-Sentence Motion with Newly Discovered Evidence attached thereto, without ruling on its merits?)

"The trial Court denied Jurisdiction to hear, consider, view, and address Petitioners[sic] 08/02/13 and 07/31/15 " 32.1 Motion to Withdraw Guilty Plea/Manifest Injustice, with Newly Discovered Evidence attached thereto with Evidential Hearings requested. The Newly Discovered Evidence was proof of Petitioners[sic] incompetence, as well as the evidence of the Fraud PhD "Anil C. Nalluri" whom was utilized by the Mahoning County Trial Court to conduct Petitioners[sic] competency examination. "It is well understood that, (Even without remand, a trial court may retain jurisdiction to do an act that is "not inconsistent" with the court of appeals' prior exercise of jurisdiction". Therein the trial court could correctly determined that it does not have jurisdiction to rule upon Petitioners'[sic] motion to withdraw his guilty plea due to the trial courts[sic] belief that it lacked jurisdiction to consider the motion. However, it never address the merits of defendants[sic] claim of Newly Discovered Evidence in denying his motion, but instead, denied the motion on the erroneous basis that defendant had already raised the issues. In light of the trial courts[sic] failure to account for all of the evidentiary materials offered by

-15-

Petitioner, its discretion to deny the Crim. R. 32.1 motion to withdraw guilty plea constituted an "ABUSE OF DISCRETION"). The trial court does not err in determining facts outside of the original record from the 32.1 Motion to Withdraw Guilty Plea, a manifest injustice can occur inside or outside the record. "Where the defendant in a Motion to Withdraw Guilty Plea, raises matters that are outside the record, the only way the trial court could determine the existence of a Manifest Injustice, is with a hearing. "All of the state courts[sic] interpretations were an obvious subterfuge to evade the consideration of a federal issue. "But for the errors, Petitioner might not have been convicted, and/or the error undermines the accuracy of guilt". Want of Jurisdiction under the U.S. Constitution Amendments 5th, 6th, and 14th, as well as Article I, Sections 10, and 16, and Article 4, Section 1 of the Ohio Constitution. "Petitioner should not have been barred for reasserting issues with Newly Discovered Evidence. Petitioner requests the withdrawal of his guilty plea and the pursuance of his rights to a fair trial to prove his innocence, and/or the Petitioners release.  Petitioner had an alibi defense/Innocence Claim that has the current time as well as his picture on surveillance showing and proving that he was in another city minutes before the alleged crime against him occurred, Petitioners'[sic] state of incompetence outweighs the burdens of their unlawful procedures. All of the Grounds stated herein were raised to the highest court and appealed therefrom."

11.    ("Invalid Plea Agreement Issues")

Supporting Facts: (When there are multiple sentencing errors within the Contractual law principles, leaving Petitioners[sic] plea contract void, should he be afforded a de novo hearing, or the vacation of the contract itself?)

"Petitioner was punished without due process law. A federal Court reviewing a State Courts[sic] plea bargain may only set aside a guilty plea or plea agreement that failed to satisfy due process. Inside of the Petitioners[sic] actual plea agreement, there was no indication that he even read, or had the form explained and read to him. There was no indication therein that he was receiving psychotropic medications, and there was no proper indication of the maximum penalties involved with the inclusion of the firearm specifications which Petitioner was facing. The contract plea agreement is invalid and should be vacated because the trial court did not impose nor advise Petitioner of the statutorily mandated terms of his sentence. Post-Release Control was not imposed on his third, fourth, and fifth counts which were second-degree felonies. The trial court invalidated the terms of a plea agreement by making the Petitioner agree to an unlawful plea contract, which could not legally be done. Failure to impose and advise the Petitioner of the terms of Post-Release Control results in the contract being void at his option, and subject for renegotiation. The terms of a void plea agreement, can be raised at any time. "All of the state courts[sic] interpretations were an Obvious subterfuge to evade the consideration of a federal issue. "But for the errors, Petitioner might not have been convicted, and/or the error undermines the accuracy of guilt". Want of Jurisdiction under the U.S. Constitution Case Amendments 5th, 6th, and 14th, as well as Article I, Sections 10, and 16, and Article 4, Section 1 of the Ohio Constitution.

-16-

"Petitioner should not have been barred for reasserting issues with Newly Discovered Evidence. Petitioner requests the withdrawal of his guilty plea and the pursuance of his rights to a fair trial to prove his innocence, and/or the Petitioners release. Petitioner had an alibi defense/Innocence Claim that has the current time as well as his picture on surveillance showing and proving that he was in another city minutes before the alleged crime against him occurred, Petitioners[sic] state of incompetence outweighs the burdens of their unlawful procedures. All of the Grounds stated herein were raised to the highest court and appealed therefrom."

12.     ("Evidential[sic]/Consideration Issues")

Supporting Facts: (When the Trial Court rules they do not have jurisdiction over a motion, but still denies it upon being untimely, and improper, without ruling on the merits of the Newly Discovered Evidence claim, is that not an abuse of discretion?)

"The trial court should not have determined that Petitioners[sic] "Motion 32.1 / Newly Discovered Evidence /Hearing Requested" dated on, "07/31/15", was out of their jurisdiction to view, nor consider. They also ruled that it was untimely, and improper. First of all, for jurisdiction is the right to hear and determine: not determine without hearing. Even if the trial court lacked jurisdiction to consider the motion (which they did not), it never addressed the merits of Petitioners[sic] claim of Newly Discovered Evidence". "All of the state courts[sic] interpretations were an obvious subterfuge to evade the consideration of a federal issue. "But for the errors, Petitioner might not have been convicted, and/or the error undermines the accuracy of guilt". Want of Jurisdiction under the U.S. Constitution Amendments 5th, 6th, and 14th, as well as Article I, Sections 10, and 16, and Article 4, Section 1 of the Ohio Constitution. "Petitioner should not have been barred for reasserting issues with Newly Discovered Evidence. Petitioner requests the withdrawal of his guilty plea and the pursuance of his rights to a fair trial to prove his innocence, and/or the Petitioners[sic] release.

Petitioner had an alibi defense/Innocence Claim that has the current time as well as his picture on surveillance showing and proving that he was in another city minutes before alleged crime against him occurred, Petitioners'[sic] state of incompetence outweighs the burdens of their unlawful procedures. All of the Grounds stated herein were raised to the highest court and appealed therefrom."

13.     ("Evidential[sic]/Consideration Issues")

Supporting Facts: (Did the State of Ohio commit a sham within their procedures?) (Are they able to deny jurisdiction to hear Petitioners[sic] Post-Sentence Motion with Newly Discovered Evidence attached thereto, without ruling on its merits?)

"Petitioners[sic] Newly Discovered Evidence was not considered, heard, viewed, nor addressed within the trial court, although the Motion 32.1 was originally filed therein on "August 2nd, 2013", which

-17-

is before his Direct Appeal was even filed on "August 5th, 2013". Thereafter, Petitioners[sic] Appeal "2013-MA-10" was affirmed, Petitioner filed another 32.1 Motion to Withdraw Guilty Plea on "July 31, 2014". They subsequently denied jurisdiction again to hear, consider, view, or address the merits of Petitioners[sic] claim of Newly Discovered Evidence, Appeal 2014-MA-138 followed and was affirmed. The evidence which Petitioner continues to press for a evidential[sic] hearing, shows and proves that Petitioners[sic] Guilty plea therefrom his "2012- CR-919 criminal case, was not entered knowingly, intelligently, and voluntarily due to his plea being taken while he was incompetent. This new evidence was discovered and provided within the motions by the help of Petitioners[sic] direct appellate Attorney John J. Dixon. "All of the state courts[sic] interpretations were an obvious subterfuge to evade the consideration of a federal issue. "But for the errors, Petitioner might not have been convicted, and/or the error undermines the accuracy of guilt". Want of Jurisdiction under the U.S. Constitution Amendments 5th, 6th, and 14th, as well as Article I, Sections 10, and 16, and Article 4, Section 1 of the Ohio Constitution.

"Petitioner should not have been barred for reasserting issues with Newly Discovered Evidence. Petitioner requests the withdrawal of his guilty plea and the pursuance of his rights to a fair trial to prove his innocence, and/or the Petitioners[sic] release. Petitioner had an alibi defense/Innocence Claim that has the current time as well as his picture on surveillance showing and proving that he was in another city minutes before the alleged crime against him occurred, Petitioners'[sic] state of incompetence outweighs the burdens of their unlawful procedures. All of the Grounds stated herein were raised to the highest court and appealed therefrom."

14.    ("Res Judicata Issues")

Supporting Facts: Question: (Is the State able to evade the consideration of federal issues, by barring the Petitioner by Res Judicata, and blatantly depriving him of his rights to successfully present Newly Discovered Evidence, which evidence would show that his plea was less than knowingly, intelligently, and voluntarily entered, the plea contract being void, he was incompetent at the time of his guilty plea and the due process issues from their unlawful procedures?)

"The Seventh Appellate Court erred by barring Petitioner by the doctrine of res judicata based on evidence outside of the record. Their unconscionable judgment was blatantly inapplicable, and showed major prejudice unto the Petitioner. Their judicial exercise of power also showed prejudice to the defendant and his entitled rights. They failed to acknowledge that, "To survive preclusion by res judicata, a Petitioner must produce new evidence that would render the judgment void or voidable and must also show that he could not have appealed the claim based upon information contained in the original record. Reversal of the trial courts[sic] denial of his Motion to Withdraw Guilty Plea is enforced, where it failed to squarely address the new evidentiary issues raised by the defendant in his motion".

-18-

Now herein Petitioners[sic] case [sic] the Seventh Appellate Court received his appeal case number, "2014-MA-000138", and affirmed the trial courts[sic] decision, ruling against his "July 31, 2014" Motion 32.1. They made the ultimate decision therein to apply the doctrine of res judicata. Petitioner was not able to successfully appeal his claims based upon information constrained in the original record, in his 2013-MA-10 appeal and they showed that themselves. Petitioners[sic] merits is based on Newly Discovered Evidence still has yet been considered, viewed, nor given any length of entertainment within the courts below. Their contradiction of the law is why the remand is requested herein etc…so that a manifest injustice would not stand. "All of the state courts interpretations were an obvious subterfuge to evade the consideration of a federal issue. "But for the errors, Petitioner might not have been convicted, and/or the error undermines the accuracy of guilt". Want of Jurisdiction under the U.S. Constitution Amendments 5th, 6th, and 14th, as well as Article I, Sections 10, and 16, and Article 4, Section 1 of the Ohio Constitution. "Petitioner should not have been barred for reasserting issues with Newly Discovered Evidence. Petitioner requests the withdrawal of his guilty plea and the pursuance of his rights to a fair trial to prove his innocence, and/or the Petitioners[sic] release. Petitioner had an alibi defense/Innocence Claim that has the current time as well as his picture on surveillance showing and proving that he was in another city minutes before the alleged crime against him occurred, Petitioners'[sic] state of incompetence outweighs the burdens of their unlawful procedures. All of the Grounds stated herein were raised to the highest court and appealed therefrom."

15.     ("Guilty Plea Issues")

Supporting Facts: Question: (Is there a possibility that Petitioners[sic] plea was taken unlawfully?) "Petitioners[sic] guilty plea was not validly entered into because it was not knowing, voluntary, and intelligent. Petitioners[sic] plea was taken while he was incompetent and Petitioner still has New Evidence in his possession, showing his incompetence at the time of his guilty plea, as well as evidence that the PhD "Anil C. Nalluri" whom was utilized to conduct his competency examination, was Fraud and convicted to Fraud charges two weeks before Petitioners[sic] plea was unlawfully taken in the trial court.

This Newly Discovered Evidence has not been heard because the State Courts would rather [sic] a Manifest Injustice stand. Petitioner was also persuaded towards signing a void and unlawful plea contract. "All of the state courts[sic] interpretations were an obvious subterfuge to evade the consideration of a federal issue. "But for the errors, Petitioner might not have been convicted, and/or the error undermines the accuracy of guilt". Want of Jurisdiction under the U.S. Constitution Amendments 5th, 6th, and 14th, as well as Article I, Sections 10, and 16, and Article 4, Section 1 of the Ohio Constitution. "Petitioner should not have been barred for reasserting issues with Newly Discovered Evidence. Petitioner requests the withdrawal of his guilty plea and the pursuance of his rights to a fair trial to prove his innocence, and/or the Petitioners [sic] release.  Petitioner had an alibi defense/Innocence Claim that has the current time as well as his picture on surveillance showing and proving that he was in another city minutes before the alleged crime

against him occurred, Petitioners' [sic] state of incompetence outweighs the burdens of their unlawful procedures. All of the Grounds stated herein were raised to the highest court and appealed therefrom."

ECF Dkt. #1 at 1-24.  On January 31,  2017, Respondent filed an Answer/Return of Writ.

ECF Dkt. #8.  On March 31, 2017, Petitioner filed a Traverse.  ECF Dkt. #10.

## IV.    PROCEDURAL BARRIERS TO REVIEW

A petitioner must overcome several procedural barriers before a court will review the merits of a petition for a federal writ of habeas corpus.  As Justice O'Connor noted in *Daniels v. United States*, "[p]rocedural barriers, such as statutes of limitations and rules concerning procedural default and exhaustion of remedies, operate to limit access to review on the merits of a constitutional claim."  532 U.S. 374, 381 (2001); *see also United States v. Olano*, 507 U.S. 725, 731 (1993).

### A.    Statute of Limitations

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") statute of limitations period for filing a petition for a writ of federal habeas corpus is one year, and it begins to run on the date judgement became final.  28 U.S.C. § 2244(d)(1).  The AEDPA statute of limitations is not currently at issue in this case.

### B.    Exhaustion of State Remedies

As a general rule, a state prisoner must exhaust all possible state remedies or have no remaining state remedies before a federal court will review a petition for a writ of habeas corpus. 28 U.S.C. § 2254(b) and (c); *see also Baldwin v. Reese*, 541 U.S. 27, 29 (2004).  The exhaustion requirement is satisfied "once the federal claim has been fairly presented to the state courts." *Franklin v. Rose*, 811 F.2d 322, 325 (6th Cir. 1987).  To exhaust a claim, a petitioner must present it "to the state courts under the same theory in which it is later presented in federal court."  *Wong v. Money*, 142 F.3d 313, 322 (6th Cir. 1998); *see also McMeans v. Brigano*, 228 F.3d 674, 681 (6th Cir. 2000).  General allegations of the denial of rights to a "fair trial" and "due process" do not "fairly present" claims that specific constitutional rights were violated.  *McMeans*, 228 F.3d at 681 citing *Petrucelli v. Coombe*, 735 F.2d 684, 688-89 (2d Cir. 1984).

-20-

In order to have fairly presented the substance of each of his federal constitutional claims to the state courts, the petitioner must have given the highest court in the state in which he was convicted a full and fair opportunity to rule on his claims. *Manning v. Alexander*, 912 F.2d 878, 881 (6th Cir. 1990). A petitioner fairly presents the substance of his federal constitutional claim to the state courts by: (1) relying upon federal cases that use a constitutional analysis; (2) relying upon state cases using a federal constitutional analysis; (3) phrasing his claim in terms of constitutional law or in terms sufficiently particular to allege the denial of a specific constitutional right; or (4) alleging facts that are obviously within the mainstream of constitutional law. *Clinkscale v. Carter*, 375 F.3d 430, 437 (6th Cir. 2004), quoting *Newton v. Million*, 349 F.3d 873, 877 (6th Cir. 2003); *see also Levine v. Torvik*, 986 F.2d 1506, 1516 (6th Cir. 1993) cert. denied, 509 U.S. 907 (1993)(quotation omitted). In *Harris v. Lafler*, the Sixth Circuit laid out the options that a district court may pursue in dealing with a petition that contains unexhausted claims:

> When faced with this predicament in the past, we have vacated the order granting the writ and remanded the case to the district court so that it could do one of four things: (1) dismiss the mixed petition in its entirety, *Rhines*, 544 U.S. at 274, 125 S.Ct. 1528; (2) stay the petition and hold it in abeyance while the petitioner returns to state court to raise his unexhausted claims, *id*. at 275, 125 S.Ct. 1528; (3) permit the petitioner to dismiss the unexhausted claims and proceed with the exhausted claims, *id*. at 278, 125 S.Ct. 1528; or (4) ignore the exhaustion requirement altogether and deny the petition on the merits if none of the petitioner's claims has any merit, 28 U.S.C. § 2254(b)(2).

553 F.3d 1028, 1031-32 (6th Cir. 2009). The Supreme Court has held that "the petitioner has the burden . . . of showing that other available remedies have been exhausted or that circumstances of peculiar urgency exist." *Darr v. Burford*, 339 U.S. 200, 218-19 (1950), *overruled in part on other grounds*, *Fay v. Noia*, 372 U.S. 391 (1963). A petitioner will not be allowed to present claims never before presented in the state courts unless he can show cause to excuse his failure to present the claims in the state courts and actual prejudice to his defense at trial or on appeal, or that he is actually innocent of the crime for which he was convicted. *Coleman v. Thompson*, 501 U.S. 722, 748 (1991).

### C.    Procedural Default

The procedural default doctrine serves to bar review of federal claims that a state court has

declined to address when a petitioner does not comply with a state procedural requirement. *Wainwright v. Sykes*, 433 U.S. 72, 87, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977). In these cases, "the state judgment rests on independent and adequate state procedural grounds." *Coleman v. Thompson,* 501 U.S. 722, 730, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991). For purposes of procedural default, the state ruling with which the federal court is concerned is the "last explained state court judgment." *Munson v. Kapture*, 384 F.3d 310, 314 (6ᵗʰ Cir. 2004) citing *Ylst v. Nunnemaker*, 501 U.S. 797, 805, 111 S.Ct. 2590, 115 L.Ed.2d 706 (1991) (emphasis removed). When the last explained state court decision rests upon procedural default as an "alternative ground," a federal district court is not required to reach the merits of a habeas petition. *McBee v. Abramajtys*, 929 F.2d 264, 265 (6ᵗʰ Cir. 1991). In determining whether a state court has addressed the merits of a petitioner's claim, federal courts must rely upon the presumption that there is no independent and adequate state grounds for a state court decision absent a clear statement to the contrary. *Coleman*, 501 U.S. at 735.

Applying this presumption, the Sixth Circuit Court of Appeals established a four-pronged analysis to determine whether a claim has been procedurally defaulted under *Maupin v. Smith*, 785 F.2d 135, 138 (6ᵗʰ Cir. 1986). Under the first prong of *Maupin*, there must be a firmly established state procedural rule applicable to the petitioner's claim and the petitioner must not have complied with the rule. *Ford v. Georgia*, 498 U.S. 411, 423-24 (1991). Under the second prong, the last state court to which the petitioner sought review must have invoked the procedural rule as a basis for its decision to reject review of the prisoner's federal claims. *Coleman,* 501 U.S. at 729-30; *Richey*, 395 F.3d at 678 ("a lapsed claim survives if the state court overlooked the default and decided the claim anyway"); *Baze v. Parker*, 371 F.3d 310, 320 (6ᵗʰ Cir. 2004) (if a state court does not expressly rely on a procedural deficiency, then a federal court may conduct habeas review); *Gall v. Parker*, 231 F.3d 265, 310 (6ᵗʰ Cir. 2000) (even if issue is not raised below, where state supreme court clearly addresses the claim, no procedural bar arises). Under the third prong, a state judgment invoking the procedural bar must rest on a state law ground that is both independent of the merits of the federal claim and is an adequate basis for the state court's decision. *Munson v. Kapture*, 384 F.3d 310, 313-14 (6ᵗʰ Cir. 2004). Under the fourth prong, a claim that is procedurally defaulted in state court will

not be reviewable in federal habeas corpus unless the petitioner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or that failure to consider the claim will result in a fundamental miscarriage of justice. *Coleman*, 501 U.S. at 751. "Cause" is a legitimate excuse for the default, and "prejudice" is actual harm resulting from the alleged constitutional violation. *Magby v. Wawrzaszek*, 741 F.2d 240, 244 (9th Cir. 1984), *cert. denied*, 490 U.S. 1068 (1985). If a petitioner fails to show cause for his procedural default, the reviewing court need not address the issue of prejudice. *Smith v. Murray*, 477 U.S. 527 (1986).

Simply stated, a federal court may review federal claims:

> that were evaluated on the merits by a state court. Claims that were not so evaluated, either because they were never presented to the state courts (i.e., exhausted) or because they were not properly presented to the state courts (i.e., were procedurally defaulted), are generally not cognizable on federal habeas review.

*Bonnell v. Mitchel,* 301 F.Supp.2d 698, 722 (N.D. Ohio 2004).

The above standards apply to the Court's review of Petitioner's claims.

**V**.     **STANDARD OF REVIEW**

If Petitioner's claims overcome the procedural barriers, the AEDPA governs this Court's review of the instant case because Petitioner filed his petition for the writ of habeas corpus pursuant to 28 U.S.C. § 2254 well after the act's effective date of April 26, 1996. *Harpster v. Ohio*, 128 F.3d 322, 326 (6th Cir. 1997), *cert. denied*, 522 U.S. 1112 (1998). Under Section 2254, a state prisoner is entitled to relief if he is held in custody in violation of the United States Constitution or laws or treaties of the United States. 28 U.S.C. § 2254(d).

The AEDPA sets forth the standard of review for the merits of a petition for the writ of habeas corpus. The AEDPA provides:

> (d)     An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –
>
> (1)     resulted in a decision that was *contrary to*, or involved an *unreasonable application of*, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2)     resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in

the State court proceeding.

28 U.S.C. § 2254(d) (emphasis added).  In *Williams v. Taylor*, the Supreme Court clarified the language of 28 U.S.C. § 2254(d) and stated:

> Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts.  Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.

*Williams v. Taylor*, 529 U.S. 362, 412-13 (2000).  Furthermore, the Supreme Court declared that "a federal habeas court making the 'unreasonable application' inquiry should ask whether the state court's application of clearly established federal law was objectively unreasonable." *Id.*  Elaborating on the term "objectively unreasonable," the Court stated that "a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." *Id.*; *see also Bailey v. Mitchell,* 271 F.3d 652, 655-56 (6th Cir. 2001).

Finally, a reviewing federal court is bound by the presumption of correctness, under which the federal court is obligated to "accept a state court's interpretation of the state's statutes and rules of practice." *Hutchinson v. Marshall*, 744 F.2d 44, 46 (6th Cir. 1984), *cert. denied*, 469 U.S. 1221 (1985); *see also Duffel v. Duttion*, 785 F.2d 131, 133 (6th Cir. 1986).  The presumption of correctness is set forth in 28 U.S.C. § 2254(e), which provides:

> (e)(1)In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct.

28 U.S.C. § 2254(e).  The presumption of correctness applies to basic primary facts, and not to mixed questions of law and fact. *Levine v. Torvik*, 986 F.2d 1506, 1514 (6th Cir. 1993), *cert. denied,* 509 U.S. 907 (1993).  The presumption also applies to "implicit findings of fact, logically deduced because of the trial court's ability to adjudge the witnesses' demeanor and credibility." *McQueen v. Scroggy*, 99 F.3d 1302, 1310 (6th Cir. 1996), *cert. denied*, 520 U.S. 1257 (1997).  Furthermore, a reviewing federal court is not free to ignore the pronouncement of a state appellate court on

-24-

matters of law. *See Central States, Southeast & Southwest Areas Pension Fund v. Howell*, 227 F.3d 672, 676, n.4 (6th Cir. 2000). Petitioner has the burden of rebutting the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

## VI.    LAW AND ANALYSIS

### A.    Procedural Default-All Grounds for Relief Except Numbers  5, 6, 11 and 15

Respondent contends that Petitioner has failed to fairly present and/or has procedurally defaulted all of his Grounds for Relief except for, arguably, those presented in Grounds for Relief Numbers 5, 6, 11, and 15. ECF Dkt. #8 at 32. The undersigned agrees with Respondent and recommends that the Court find that all of Petitioner's Grounds for Relief, except Grounds for Relief Numbers 5, 6, 11, and 15, were not fairly presented to the state court and are procedurally defaulted.

The only assignment of error that Petitioner raised to the Ohio appellate court on direct appeal of his conviction and sentence was an allegation that his guilty plea was invalid because his counsel were ineffective in failing to move for a continuance so that he could have more time to consider entering a guilty plea. ECF Dkt. #8-1 at 27-42. Petitioner could have and should have raised Grounds for Relief Numbers 1, 2,  7, 8, 11, and 15 before the Ohio appellate court and thereafter before the Ohio Supreme Court as these Grounds for Relief were apparent on the record because they concern his guilty plea, his competence, his competency hearing and Dr. Nalluri's preparation of the competency report, and Petitioner's sentence. ECF Dkt. #1. Petitioner did not present these issues that were apparent on the record before the Ohio appellate court. A federal ground for relief is considered exhausted once it has been "fairly presented" at the first possible opportunity within "one complete round of the State's established appellate review process." *Carter*, 2012 WL 3854787, at *6, quoting *Williams v. Bagley*, 380 F.3d 932, 967 (6th Cir.2004); *Clinkscale v. Carter*, 375 F.3d 430, 437 (6th Cir.2004). "[S]tate prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). A failure to present a federal habeas claim to a state's highest court for discretionary review, when that review is part of the ordinary appellate review procedure, results in a procedural default of that claim. *Id.* at 847-848. Here, Petitioner raised none of the claims that he presents in his instant Grounds for

Relief before this Court. Accordingly, the undersigned recommends that the Court find that Petitioner has procedurally defaulted Grounds for Relief Numbers 1, 2, 5, 6, 7, 8, 11, and 15.

The undersigned notes that Petitioner did briefly and tangentially refer to his competency to plead and Dr. Nalluri's competency evaluation in his appellate brief, but he did not present these issues as assignments of error.  Respondent acknowledges this, and without waiving an exhaustion defense, proceeds as if Petitioner arguably presented these issues, which are mentioned in Grounds for Relief Numbers 5, 6, 11 and 15.  Thus, as Respondent does, the undersigned will address these Grounds for Relief *infra* even though the Court could find them to be procedurally defaulted.

The undersigned further recommends that the Court find that Grounds for Relief Numbers 3, 4, 9, 10, 12, 13 and 14 are also procedurally defaulted.  Petitioner did raise all of these Grounds for Relief either in motions to withdraw his guilty plea or in state habeas corpus petitions.  ECF Dkt. #8-1 at 68-73, 207-210, 236-252.  In his first motion to withdraw his guilty plea, Petitioner asserted that his counsel were ineffective in failing to investigate that the license of Dr. Nalluri was suspended.  *Id*. at 208-209.  The trial court denied Petitioner's first motion to withdraw his guilty plea, finding that it was without jurisdiction to rule on the motion because Petitioner's direct appeal was still pending before the Ohio appellate court.  *Id.* at 74.  Petitioner filed no appeal from this determination.  Petitioner's failure to appeal the trial court's decision on his first motion to withdraw his guilty plea renders the claims in that motion procedurally defaulted because he failed to follow the Ohio Rules of Appellate Procedure (*see* Ohio App. R. 5(A) and ORC § 2953.23(B)) for appealing this determination.  It is clear that "state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan*, 526 U.S. at 845.  Thus, even if Petitioner was not required to fully and fairly present these issues on direct appeal, and appeal any further determination by the Ohio appellate court to the Ohio Supreme Court, he nevertheless failed to give the state courts a full and fair opportunity to rule on his claims by not appealing the trial court's lack of jurisdiction determination over these claims and he has therefore procedurally defaulted his claims in his first motion to withdraw.

As to his second motion to withdraw his guilty plea, the trial court again found that it was without jurisdiction to decide the motion, and Petitioner did timely appeal this determination to the Ohio appellate court. ECF Dkt. #8-1 at 46. However, the Ohio appellate court affirmed the trial court's determination, finding that its prior decision in Petitioner's direct appeal case was *res judicata* as to the second motion to withdraw the guilty plea because it had fully addressed the same issue that Petitioner presented in his second motion to withdraw his guilty plea, that is, the validity of his plea. *Id*. at 122. Petitioner did not timely appeal the Ohio appellate court's decision to the Ohio Supreme Court, but rather, he filed a motion for delayed appeal to the Supreme Court of Ohio nearly 120 days after the Ohio appellate court's opinion. ECF Dkt. #8-1 at 115, 127. In his motion for delayed appeal, Petitioner asserted that he would raise one proposition of law asserting that the Ohio appellate court erred by applying *res judicata* to his motion to withdraw his guilty plea. *Id.* at 128. The Ohio Supreme Court denied Petitioner's motion for delayed appeal without providing reasons. *Id*. at 146. The Sixth Circuit Court of Appeals has held that "[w]here a state court is entirely silent as to its reasons for denying requested relief, we assume that the state court would have enforced any applicable procedural bar." *Bonilla v. Hurley,* 370 F.3d 494, 497 (6th Cir. 2004), citing *Simpson v. Sparkman,* 94 F.3d 199, 203 (6th Cir.1996). The *Bonilla* Court applied procedural default to bar the petitioner's grounds for relief in that case after he had filed an untimely notice of appeal with the Ohio Supreme Court and the Ohio Supreme Court denied his motion for leave to file a delayed appeal without providing reasons for doing so. *Id*. The Court in this case should do the same and find that Petitioner's Grounds for Relief Numbers 3, 4, 9, 10, 12, 13, and 14 in the instant federal habeas corpus petition are procedurally defaulted as well since these Grounds for Relief concern the trial court's finding of no jurisdiction and the Ohio appellate court's *res judicata* determination. ECF Dkt #1 at 10-11, 12-13, 21-23. The Sixth Circuit has held that a denial of a motion for delayed appeal is an adequate procedural ground to foreclose federal habeas review. *Smith v. State of Ohio Dep't of Rehab. & Corr.*, 463 F.3d 426, 431-32 (6th Cir. 2006) (citing *Bonilla*, 370 F.3d at 497).

As to Petitioner's first state habeas corpus petition, the trial court ruled that it was untimely filed within the 365-day deadline under ORC § 2953.21(A)(2) and Petitioner failed to provide

-27-

reasons why the court should excuse his delay in filing.  ECF Dkt. #8-1 at 207-210. Petitioner did not appeal the trial court's decision.  He thereafter filed a state writ of habeas corpus directly in the Supreme Court of Ohio and that court *sua sponte* dismissed the writ and Petitioner's motion for reconsideration of the dismissal of his writ.  ECF Dkt. #8-1 at 236-295.  Here again, the undersigned recommends that the Court find that Petitioner has procedurally defaulted the Grounds for Relief that correspond to the claims presented in these state habeas corpus petitions because Petitioner failed to file a direct appeal from the trial court's determination as to his first state writ of habeas corpus in order to give the other Ohio courts an opportunity to rule and Ohio Appellate Rules do not allow delayed appeals of post-conviction relief petitions.  *See* Ohio R. App. P. 5(A).  Moreover, Petitioner's habeas corpus petition filed directly in the Ohio Supreme Court was *sua sponte* dismissed by that court.  Ohio law holds that a prisoner may not use the state writ of habeas corpus under ORC § 2725.05 when alternative remedies in the ordinary course of Ohio law are available, such as direct appeal or mandamus.  *State ex rel. Rackley v. Sloan*, 150 Ohio St.3d 11, 78 N.E.3d 819, 2016-Ohio-3416 (2016).  The Supreme Court of Ohio has held that "[t]he availability of alternative remedies at law, even if those remedies were not sought or were unsuccessful, precludes a writ of habeas corpus."  *Id.*, citing *State ex rel. O'Neal v. Bunting*, 140 Ohio St.3d 339, 2014-Ohio-4037, 18 N.E.3d 430, ¶ 15.  In his state habeas corpus petitions, Petitioner asserted the following claims:  ineffectiveness of  trial counsel in failing to investigate the fraud charges of Dr. Nalluri and to file a motion to suppress Dr. Nalluri's competency report; ineffective assistance of counsel in failing to present various evidence of Petitioner's incompetence to plead guilty; the trial court's abuse of discretion in finding him competent to plead guilty; the failure of the trial court to have a competency hearing in which Petitioner was present and able to present evidence; the denial of his right to have a competent psychiatrist and psychiatric examination; the trial court's failure to consider his newly discovered evidence; the trial court's denial of his motion to withdraw his guilty plea; failures in the plea agreement; the Ohio appellate court's application of res judicata; an invalid plea based upon his incompetency; and the failure to consider his innocence based upon an alibi which is the newly discovered evidence of a picture on surveillance camera showing that he was in another city minutes before the crime occurred.  *Id*. at 239-252.  Since Petitioner failed to fairly

present and/or procedurally defaulted the claims presented in his state court post-conviction filings, which contain nearly all of his instant Grounds for Relief asserted in this Court, the undersigned recommends that the Court find that he has procedurally defaulted all of his Grounds for Relief before this Court, except for Numbers  5, 6, 11 and 15.

**B.**     **Cause and Prejudice/Actual Innocence**

Petitioner can avoid the procedural default of his Grounds for Relief if he shows cause to excuse his procedural default and resulting prejudice, or a miscarriage of justice resulting from not reviewing these Grounds for Relief.  Petitioner asserts in his Traverse that his appellate counsel told him to file a motion to withdraw his guilty plea rather than an appeal to the Supreme Court of Ohio and he alleges that he is actually innocent of the crimes to which he pled guilty because a video shows him at a Sami Quick Drive Thru at the time of the crime.  ECF Dkt. #10 at 23-29.

The undersigned recommends that the Court find that because Petitioner has procedurally defaulted his claim that his appellate counsel was ineffective, he cannot use that assertion as cause to excuse his failure to comply with the Ohio courts' procedural rules.  A claim of ineffective assistance of appellate counsel may in certain circumstances constitute cause to excuse the procedural default of underlying substantive claims. *Edwards v. Carpenter*, 529 U.S. 446, 451–454, 120 S.Ct. 1587, 146 L.Ed.2d 518 (2000).  However, in order to serve as cause to overcome a procedural default, the claim of ineffective assistance of appellate counsel must not itself have been procedurally defaulted. *Id*.  Petitioner in this case did not file an App. R. 26(B) claiming the ineffective assistance of appellate counsel and the record does not show that he asserted in his motion for delayed appeal to the Ohio Supreme Court that his appellate counsel's ineffectiveness was the reason why he untimely filed in the Supreme Court of Ohio. *See* ECF Dkt. #8-1 at 127-145.

As to assertion of actual innocence, Petitioner contends that he has new evidence of a video showing that he was located in a drive-thru at a Sami Quick Stop when the shooting occurred.  ECF Dkt. #10 at 29.  Respondent asserts that Petitioner fails to provide reliable evidence of his alibi and notes that all of the instant Grounds for Relief do not raise his actual innocence, but rather attack his competency to plead, the competency proceedings themselves, and his counsel's alleged ineffectiveness as to proceeding with the plea.  ECF Dkt. #8 at 35.  Respondent also notes that

Petitioner apologized to the victim's mother at the sentencing and entered a guilty plea in exchange for dismissal of the death penalty. *Id.*

In order for a claim of actual innocence to excuse a procedural default, proof of innocence must be established by new evidence not available at trial. *Schlup,* 513 U.S. at 327; *see also Ross v. Berghuis* 417 F.3d 552, 556 (6th Cir.2005). Based upon Petitioner's lack of assertion as to his actual innocence at anytime prior to his guilty plea, during his plea negotiations or colloquy, at sentencing, during his appeals or during his post-conviction filings, the undersigned recommends that the Court find that Petitioner's claim of actual innocence in his Traverse before this Court is suspect. Further, as evidence establishing his actual innocence, Petitioner merely attaches a still picture allegedly taken from video surveillance at a Sami's Quik Stop which states "Outside Drive Thru" on it and has the date and a time read-out at the bottom of the picture. ECF Dkt. #10-14 at 1. The undersigned recommends that the Court find that this, without more, and in light of no prior claims of actual innocence, is insufficient to overcome the requirements of actual innocence.

### C. Effect of Guilty Plea

Respondent also correctly points out that if the Court chooses to find that fair presentation and procedural default do not bar review of Petitioner's Grounds for Relief, Petitioner's guilty plea waives the challenges that he presents in Grounds for Relief Numbers 1, 2, 7 and 8 as to his competency hearing. ECF Dkt. #8 at 31. The Sixth Circuit has held that "a voluntary and unconditional guilty plea [generally] 'bars any subsequent non jurisdictional attack on the conviction.' " *Werth v. Bell*, 692 F.3d 486, 495 (6th Cir.2012) (quoting *United States v. Corp*, 668 F.3d 379, 384 (6th Cir.2012)). The United States Supreme Court has explained that:

> a guilty plea represents a break in the chain of events which has preceded it in the criminal process. When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea.

*Tollett v. Henderson*, 411 U.S. 258, 267, 93 S.Ct. 1602, 36 L.Ed.2d 235 (1973). Thus, "after the entry of an unconditional guilty plea, the defendant may challenge only the court's jurisdiction and the voluntary and intelligent character of the plea itself." *Werth*, 692 F.3d at 495. *See also United States v. Ferguson*, 669 F.3d 756, 763 (6th Cir.2012).

Petitioner asserts that his guilty plea was invalid because it was not made voluntarily, intelligently or knowingly.  ECF Dkt. #1.  He sets forth numerous claims about his plea in his Grounds for Relief, alleging that he was pressured into the plea by his attorneys and he was on medication which prevented him from understanding the implications of the plea.  *Id.* at 5-8. He also challenges the competency evaluation report by Dr. Nalluri, the competency hearing itself, and he alleges that the trial court abused its discretion in holding a competency hearing without him present. *Id.* at 8-9, 16-18.  He additionally alleges the ineffectiveness of counsel in failing to move to suppress Dr. Nalluri's competency evaluation because he was convicted of fraud and in failing to have another psychological evaluation performed.  *Id.* at 5-6, 8-9, 16-18.

On the basis of United States Supreme Court law, the undersigned recommends that the Court find that Petitioner's guilty plea waived his Grounds for Relief alleging constitutional violations that preceded his guilty plea prior thereto except for a review of whether his plea was intelligently and voluntarily entered.  Petitioner does challenge the voluntary, intelligent and knowing waiver of his plea.  This assertion is addressed *infra* and the undersigned recommends that the Court find that it is without merit.

### D.  Guilty Plea Grounds for Relief Numbers 1, 2, 7, 8, 11, 15 -Merits Review

If the Court chooses to address Petitioner's primary issues in the above Grounds for Relief, which are the validity of his guilty plea and competency issues, the undersigned recommends that the Court find that Petitioner's guilty plea was indeed voluntarily, intelligently and knowingly made. "[G]uilty pleas 'not only must be voluntary but must be knowing, intelligent acts done with sufficient awareness of the relevant circumstances and likely consequences.'" *Ruelas v. Wolfenbarger*, 580 F.3d 408, 408 (6th Cir. 2009), quoting *Brady v. U.S.*, 397 U.S. 742, 748, 90 S.Ct. 1463, 25 L.Ed.2d 747 (1970).  When a habeas petitioner challenges the validity of his plea, "the state generally satisfies its burden [to show that the plea was voluntary and intelligent] by producing a transcript of the state court proceeding." *Garcia v. Johnson,* 991 F.2d 324, 326 (6th Cir. 1993). Solemn declarations in open court carry a strong presumption of verity." *Blackledge v. Allison*, 431 U.S. 63, 74, 97 S.Ct. 1621, 52 L.Ed.2d 136 (1977). The state court's factual finding that the plea was proper is accorded a

-31-

presumption of correctness unless the transcript is inadequate to show that the plea was voluntary and intelligent. *Id*.

The Ohio appellate court first addressed the validity of Petitioner's guilty plea on direct appeal. ECF Dkt. #8-1 at 61-63. Petitioner had asserted on appeal that his guilty plea was not voluntarily, intelligently and knowingly made due to ineffective assistance of counsel as counsel pressured him into pleading guilty by failing to request a continuance of the plea hearing when they knew his mental health history and did not allow him time to understand the consequences of entering a guilty plea. ECF Dkt. #8-1 at 61-63. The court cited to Rule 11(C) of the Ohio Rules of Criminal Procedure, outlining the requirements of the trial court before accepting a guilty plea, and the Ohio appellate court reviewed Ohio law concerning the ineffective assistance of counsel and the validity of a guilty plea. *Id*. at 64-66. The Ohio appellate court then reviewed the transcript of the plea hearing and noted that the trial court informed Petitioner of his constitutional rights and told him that he was waiving those rights upon pleading guilty. *Id*. The appellate court also noted that the trial court explained Petitioner's non-constitutional rights to him, like the nature of the charges against him and the maximum penalties that he was facing. *Id*. at 65. The appellate court explained that the trial court did not discuss post-release control with Petitioner because the sentence that Petitioner agreed to was life in prison without the possibility of parole. *Id*. The Ohio appellate court also noted that the record showed that Petitioner stated that he understood the constitutional rights and that he was waiving those rights upon pleading guilty, and he acknowledged that he was pleading guilty freely and voluntarily. *Id*. The Ohio appellate court further noted the part of the transcript where the court asked Petitioner if he was under the influence of drugs and Petitioner responded that he was taking his prescribed medications, but when the court asked if Petitioner understood the trial court, Petitioner responded, "not really, but yes, I understand." *Id*. The Ohio appellate court noted that the trial court followed up on Petitioner's answer and clarified on the record that Petitioner affirmed that the medications did not affect his ability to understand the court's information and his rights. *Id*. The Ohio appellate court found that the record was devoid of any evidence that Petitioner's guilty plea was induced by his attorneys. *Id.* at 66. The court indicated that it was likely that Petitioner would have entered the same guilty plea even if his attorneys had requested a

continuance since his counsel negotiated a plea agreement where the prosecution agreed to recommend concurrent sentences on some of the charges and agreed to dismiss charges of murder and aggravated murder, two gun specifications, and two capital offense specifications. *Id*. The Ohio appellate court also noted that the trial court ordered a competency evaluation, which was completed by Dr. Nalluri, and both the State of Ohio and the defense stipulated to the admission of the evaluation which found that Petitioner was competent to stand trial. *Id*. at 65.

The Ohio appellate court also upheld the trial court's later denial of Petitioner's motion to withdraw his guilty plea asserting that the plea was not voluntarily, intelligently, and knowingly made. ECF Dkt. #8-1 at 115. The trial court had denied Petitioner's motion to withdraw his guilty plea on the basis of *res judicata*, and the appellate court upheld this determination, explaining that it had fully addressed the voluntariness of Petitioner's guilty plea on direct appeal and held that Petitioner voluntarily, intelligently, and knowingly waived his constitutional rights and entered a guilty plea. *Id*. at 122. The court also noted that it had previously held that Petitioner was not entitled to a new competency hearing due to Dr. Nalluri's fraud charge and conviction as the court had found that Petitioner's counsel had requested that Dr. Nalluri perform the evaluation and stipulated to the competency report produced by Dr. Nalluri. *Id*. at 123.

The Ohio appellate court additionally addressed Petitioner's plea and competency challenges when it denied Petitioner's motion for that court to reconsider its decision affirming the trial court's denial of his second motion to withdraw his guilty plea. ECF Dkt. #8-1 at 170. The Ohio appellate court explained that it had revisited Petitioner's claims from his direct appeal in a prior affirmance of the trial court's denial of Petitioner's second motion to withdraw his guilty plea. *Id.* The Ohio appellate court explained that Petitioner had sought to withdraw his guilty plea in the second motion to withdraw on the basis that Dr. Nalluri's later fraud conviction somehow tainted his competency report on Petitioner, and Petitioner asserted that his prescriptions for mental illness and his mental illness rendered his guilty plea invalid. *Id*. The appellate court noted that it had found that the trial court correctly applied *res judicata* and denied Petitioner's second motion to withdraw his guilty plea because Petitioner's claims in the second motion were indistinguishable from the claims he presented in his first motion to withdraw his guilty plea. *Id*. The Ohio appellate court explained in its denial

of Petitioner's motion for reconsideration:

> Appellant's arguments continue to center on his mental health status and the unrelated fraud conviction of the doctor who performed his competency evaluation, Dr. Anil C. Nalluri. Appellant first urges that the trial court should have considered a psychological report prepared by Dr.Sandra McPherson and Dr. Donald McPherson. According to Appellant, the report shows that: his IQ is 63, he has a mental illness diagnosis, he has been prescribed psychiatric medication and he has attempted suicide while at the jail. Appellant also suggests that there is additional evidence available which he cannot obtain without the assistance of new and effective counsel.
>
> In order to overcome *res judicata*, Appellant must show that his competency could not have been determined without consideration of the evidence he now presents and that was outside of the trial court record. Appellant is unable to do so. First, we note that Appellant had a competency evaluation, performed by Dr. Nalluri as requested by Appellant, and that was part of the record and was considered by the trial court. Thus, the record contains evidence of his mental health status. Unlike other cases cited by Appellant, he was given a pre-trial competency evaluation. The record is devoid of any evidence to suggest that he was unable to understand the nature and objective of the proceedings at the time. Additionally, no evidence *dehors* the record impacts on the issue in any way.
>
> The record demonstrates that the McPhersons were given permission to assess Appellant's mental health to assist in his defense on October 12, 2012, which was well before his plea hearing. Appellant contends that the resulting report is not part of the record. While this is technically true, all parties were aware of this evaluation and Appellant was free to use the report to assist in his defense if he felt it was necessary at the time.
>
> Additionally, a review of the report reflects that it would not assist Appellant's case. The report did opine that Appellant's IQ is 63 but cautioned that the result could not be relied on with confidence as either "periodic significant psychotic reference" or a deliberate attempt to perform poorly on the test could have contributed to the score. As the report reveals that Appellant could have intentionally performed poorly on the test, his IQ score likely would not have changed the court's determination that he was competent to enter a plea. The report states that Appellant's mother indicated that he had attempted suicide, but the doctors found her to be unreliable. Additionally, they noted that he may have a psychotic disorder, but cautioned that his diagnostic status was insecure and that Appellant's diagnosis has changed over the years. The report contains several unfavorable observations as to Appellant's mental health, however, the doctors question whether Appellant was exaggerating his symptoms in order to gain a favorable diagnosis. Hence, even if this report had been unavailable to Appellant at the time of trial, it likely would not assist his claims.
>
> An exhaustive testing of Appellant's medications may not explicitly be contained of record, but as we have stated in both *Wilson I* and *Wilson II*, when addressed by the trial court judge on the record, Appellant did state that he was using a number of prescription medications but that these in no way affected his ability to understand the process. Hence, Appellant's reliance on this report does not rise to the level found in *Schlee* and *Robinson* and provides no crucial information to the court in making its determination as to the competency issues raised by Appellant by direct appeal or in his motion to withdraw his plea.

> Likewise, his insistence that Dr. Nalluri's later workers compensation fraud conviction and documents relating to this conviction are not barred by *res judicata* is misplaced. It is abundantly clear from reading our Opinions in both *Wilson I* and *Wilson II* that this "evidence," such as it is, was considered both in the trial court and on appeal. Appellant simply disagrees with the court's interpretation as to the relevance of this information. Both the trial court and this Court have repeatedly held that the information has no relevance as regards Appellant's issues.

*Id.* at 175-178.

The undersigned's review of the transcript of the trial court's plea colloquy shows that the trial court did inform Petitioner of his constitutional rights and made sure that Petitioner understood them and the implications of pleading guilty leading to the waiver of these rights. ECF Dkt. #8-1 at 332-347. Petitioner indicated all but one time that he understood the trial court's explanation of each constitutional right that he was waiving by pleading guilty. *Id.* Petitioner indicated that he did not understand the waiving of his appellate rights, and the trial court thereafter provided further explanation to Petitioner about the waiving of his appellate rights upon pleading guilty and Petitioner then indicated that he understood. *Id.* at 336-342. Petitioner stated that he was satisfied with legal counsel. *Id.* at 334. He also indicated that he understood everything that the court said to him, he affirmed that his plea was freely and voluntarily made, and that no one forced him, coerced him or threatened him into pleading guilty. *Id* at 342-345.

When the trial court asked if Petitioner was under the influence of drugs or alcohol, Petitioner responded that he was taking nothing other than what he was prescribed. ECF Dkt. #8-1 at 345. When the trial court asked if Petitioner was still able to understand the trial court even though he was taking those medications, Petitioner responded, "[n]ot really, but yes, I understand." *Id.* The trial court then inquired further and told Petitioner that "[a]ll I want to make sure is that the drugs that you're taking aren't affecting your ability to understand." *Id.* Petitioner responded twice that he understood the trial court and the court asked twice whether Petitioner was "okay" and whether he understood the court. *Id.* Petitioner answered that he was and he did understand. *Id.* at 345-346. The court then asked if Petitioner wanted to waive all of his trial and appellate rights and proceed with pleading guilty, and Petitioner responded that he did. *Id.* at 346. Petitioner then specifically stated, "I plead guilty," when the trial court asked how he pled to the charges of aggravated murder,

improperly discharging a firearm at or into a habitation, felonious assault, tampering with evidence, and firearm specifications. *Id*.

Upon review of the record and applicable law, the undersigned recommends that the Court find that the Ohio appellate court's decision was not contrary to or an unreasonable application of clearly established United States Supreme Court law or an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.

### E. Ineffective Assistance of Counsel-Grounds for Relief Numbers 5, 6, 11, 15

If the Court chooses to address Petitioner's ineffective assistance of trial counsel claims on the merits, the undersigned recommends that the Court find that the Ohio appellate court's decision on this issue was not contrary to or an unreasonable application of *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), or an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.

A guilty plea can be challenged as involuntarily made on the grounds that the defendant was not afforded the effective assistance of counsel. *Hill v. Lockhart*, 474 U.S. 52, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985). In order to prevail on a claim of ineffective assistance of trial counsel, Petitioner bears the burden of showing that counsel's performance fell below an objective standard of reasonableness and counsel's ineffectiveness prejudiced his defense so as to deprive him of his right to a fair trial. *Strickland*, 466 U.S. 668. *Strickland* applies to claims of ineffective assistance of counsel arising from a guilty plea. *Hill*, 474 U.S. at 58-59. In order to succeed on such a claim, Petitioner must show that (1) his counsel's performance was constitutionally deficient, that is, that counsel's performance fell below an objective standard of reasonable representation; and (2) prejudice by counsel's deficient performance, that is, there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different, or that he would not have entered a guilty plea and would have insisted on going to trial. *Hill*, 474 U.S. at 59. Court scrutiny of defense counsel review must be "highly deferential." *Strickland*, 466 U.S. at 689. Decisions that "might be considered sound trial strategy" do not constitute the ineffective assistance of counsel. *Michel v. Louisiana*, 350 U.S. 91, 101, 76 S.Ct. 158, 100 L.Ed. 83 (1955). Trial counsel's tactical decisions are not completely immune from Sixth Amendment review, but they must be

particularly egregious before they will provide a basis for relief. *Martin v. Rose*, 744 F.2d 1245, 1249 (6th Cir.1984).

In the instant case, the Ohio appellate court applied *Strickland* to Petitioner's claim that the ineffectiveness of counsel rendered his guilty plea invalid because counsel knew his mental health history and pressured him into pleading guilty rather than moving for a continuance of the plea hearing so that he could consider what he was doing. ECF Dkt. #8-1 at 61-67. In finding the assignment of error meritless, the Ohio appellate court reviewed Ohio law regarding the procedure a trial court must follow in order to accept a valid guilty plea and it reviewed the standard in *Strickland* for determining whether a defendant received the ineffective assistance of counsel. *Id*. at 62-64. The court held that there was no evidence that Petitioner's counsel forced him to plead guilty or that his guilty plea was not made voluntarily, intelligently or knowingly. *Id*. at 63. The Ohio appellate court found that Petitioner was represented by two attorneys at the plea hearing and found that the trial court thoroughly reviewed Petitioner's constitutional rights and waiver of those rights in conjunction with entering a guilty plea. *Id*. at 63-65. The Ohio appellate court explained:

> Wilson indicated that he understood the rights he would be waiving by pleading guilty and that he wished to go forward with the plea. Wilson specifically acknowledged that his plea was being made freely and voluntarily, and further, that he was satisfied with the legal representation he received. Thus, all of the Crim.R. 11 requirements were satisfied, and Wilson's plea was knowing, voluntary, and intelligent.
>
> Nonetheless, Wilson argues that his plea was not made knowingly and intelligently due to his counsel being ineffective for not securing adequate time to consider the Rule 11 agreement. He argues that the recorded transcripts demonstrate that he was pressured to accept the Rule 11 agreement and that he was under the influence of prescription drugs and afflicted with mental illness. However, there is no support in the record for these allegations. Wilson indicated during the plea hearing that he was not threatened or promised anything in exchange for his guilty plea.
>
>          \*     \*     \*
>
> The mere fact that, if not for the alleged ineffective assistance of counsel, the defendant would not have entered a guilty plea is not sufficient to establish the requisite connection between the guilty plea and the ineffective assistance. Rather, ineffective assistance of trial counsel is found to have affected the validity of a guilty plea when it precluded a defendant from entering his plea knowingly and voluntarily." *State v. McQueen*, 7th Dist. No. 08 MA 24, 2008–Ohio–6589, ¶ 18 citing *State v. Madeline*, 11th Dist. No. 2000–T–0156, 2002–Ohio–1332.
>
> Because an allegation of a coerced plea involves actions over which the state has no control, "[a] claim that a guilty or no contest plea was induced by ineffective assistance of counsel must be supported by evidence where the record of the guilty

-37-

plea shows it was voluntarily made." (Internal quotations omitted). *State v. Lett*, 7th Dist. No. 08–MA–84, 2010–Ohio–4188, ¶ 33. "A defendant's own self-serving declarations or affidavits are insufficient to rebut a record that demonstrates that the plea was voluntary." *Id.*

The record is devoid of any evidence, excepting Wilson's self-serving affidavit, supporting his claim that his guilty plea was induced by his attorneys. Wilson's allegation that counsel should have secured a continuance for him to consider the Rule 11 agreement demonstrates no prejudice. In fact, it is a likely possibility that Wilson would have entered into the same Rule 11 agreement had a continuance actually been obtained. His attorneys negotiated a plea agreement in which a charge of murder, aggravated murder, two accompanying gun specifications, and two capital offense specifications were dismissed. Further, the prosecutor agreed to recommend running the sentences on several other counts concurrent to the life sentence on the one count of Aggravated Murder to which Wilson did plead.

Wilson's mere allegations of feeling pressure are insufficient to prove that his plea was not voluntarily entered. Wilson has not identified any evidence in the record to support this contention. Moreover, as discussed above, Wilson was fully apprised of his rights and the potential penalties at the plea hearing. Finally, Wilson has failed to assert or prove that his trial counsel was deficient and that he was prejudiced by their behavior.

In sum, Wilson did enter into his plea in a knowing, voluntary and intelligent manner. Wilson fails to direct this court's attention to how his attorneys' performance was deficient and that he suffered any prejudice. As such, the judgment of the trial court is affirmed.

*Id.* at 65-67. The Ohio appellate court reviewed the transcript of the trial court's discussion with Petitioner about his constitutional and non-constitutional rights and it found that the trial court ensured many times that Petitioner understood his rights and the waiver of those rights. *Id.* The Ohio appellate court also noted that the trial court inquired numerous times into whether Petitioner felt that he was forced to plead guilty or felt threatened or coerced into pleading guilty. *Id.* The trial court also inquired into whether Petitioner was satisfied with his legal counsel and Petitioner responded that he was. *Id.* Upon review of the plea transcript, the applicable law, and the Ohio appellate court's decision, the undersigned recommends that the Court find that the Ohio appellate court's decision was not contrary to or an unreasonable application of *Strickland* and was not an incorrect determination of the facts or an unreasonable determination in light of the evidence presented to the trial court.

## VII.   CONCLUSION AND RECOMMENDATION

For the above reasons, the undersigned RECOMMENDS that the Court find that all of Petitioner's Grounds for Relief are not fairly presented and/or procedurally defaulted and Petitioner

fails to establish sufficient cause or prejudice to overcome the procedural default.  Moreover, the Court should find that Petitioner's still picture of him on an alleged surveillance video is insufficient to establish actual innocence in order to overcome the procedural default.  Alternatively, the undersigned recommends that the Court find that Petitioner's Grounds for Relief Numbers 1, 2, 7, and 8 are waived by his guilty plea and are otherwise without merit. The undersigned also recommends that the Court find that Petitioner's Grounds for Relief Numbers 1, 2, 5, 6, 7, 8, 11, and 15 are without merit as well.  Accordingly, the undersigned recommends that the Court DISMISS the instant petition in its entirety with prejudice.  ECF Dkt. #1.


DATE: April 25, 2019                                          */s/ George J. Limbert*
                                                             GEORGE J. LIMBERT
                                                             UNITED STATES MAGISTRATE JUDGE


        ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of service of this notice. Fed. R. Civ. P. 72; L.R. 72.3. Failure to file objections within the specified time WAIVES the right to appeal the Magistrate Judge's recommendation. L.R. 72.3(b).